UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DARWIN NATIONAL ASSURANCE
COMPANY,

                      Plaintiff,

                      Case No. _____

        v.

MCLARIO, HELM & BERTLING, S.C.,

                      Defendant.

**COMPLAINT**

Plaintiff, Darwin National Assurance Company ("Darwin"), by its attorneys, Reinhart Boerner Van Deuren s.c., for its Complaint against Defendant, McLario, Helm & Bertling, S.C. (the "Firm"), alleges as follows:

**NATURE OF THE CLAIM**

1. This is an action for Declaratory Judgment pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure to determine and resolve questions of actual controversy under a Lawyers Professional Liability Insurance policy issued by Darwin to the Firm (the "Policy").

2. Darwin issued the Policy to the Firm for the Policy Period of February 7, 2013 to February 7, 2014. Attached to this Complaint and incorporated by reference as Exhibit A is a true and correct copy of the Policy.

3. On or about May 2, 2013, Attorney Michael Bertling, on behalf of the Firm, prepared and submitted to Darwin a Notice of Claim involving the Estate of

Thomas H. Ertl (the "Ertl Claim"). A true and correct copy of the Notice of Claim is attached as Exhibit B to this Complaint.

4. The Notice of Claim involves the Firm's representation of the Estate of Thomas H. Ertl in a personal injury lawsuit. In that lawsuit, on January 12, 2012, the Waukesha County Circuit Court granted summary judgment against the plaintiff, the Estate of Thomas H. Ertl, and dismissed the plaintiff's claims with prejudice, because the plaintiff lacked standing or capacity to sue for a non-existent Estate. On May 1, 2013, the Wisconsin Court of Appeals issued a decision affirming the grant of summary judgment and dismissal of the case with prejudice.

5. Darwin seeks a declaration that there is no coverage for the Ertl Claim under the Policy because the Firm, prior to the inception of the Policy, had a basis to believe that the Firm or one of its insured lawyers had breached a professional duty or had a basis to foresee that a wrongful act or omission by the Firm or one of its insured lawyers might reasonably be expected to be the basis of a claim against the Firm.

## PARTIES

6. Plaintiff, Darwin National Assurance Company, is a Delaware corporation with offices located at 1690 New Britain Avenue, Suite 101, Farmington, Connecticut, 06032 . For diversity purposes under 28 U.S.C. § 1332(a), Burlington is a citizen of the states of Delaware and Connecticut.

7. Defendant, McLario, Helm & Bertling, S.C., on information and belief is a Wisconsin service corporation with offices located at N88 W16783 Main Street, Menomonee Falls, Wisconsin, 53051. For diversity purposes under 28 U.S.C. § 1332(a), the Firm is a citizen of the state of Wisconsin.

## JURISDICTION AND VENUE

8. This court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) because this is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states.

9. This Court also has jurisdiction under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202 because an actual controversy exists between the parties to declare Darwin's rights under the Policy issued to the Firm, including whether the Policy provides coverage for the Ertl Claim and lawsuit against the Firm and the Firm's attorney Michael Bertling stemming from the Ertl Claim, pending in the Waukesha County State Court, entitled *Estate of Thomas H. Ertl, Sr. v. Michael Bertling, et al.*, Case No. 13-CV-2628.

10. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a)(2) because a substantial part of the events giving rise to this claim occurred in this district. The facts giving rise to this coverage dispute occurred, in part, in this District. Further, Darwin's insurance policy over which this declaratory judgment action is based was issued to the Firm in this District.

## FACTUAL BACKGROUND

### A. The Initial Lawsuit Giving Rise to the Ertl Claim

11. Michael Bertling ("Bertling"), an attorney at the Firm, filed a personal injury lawsuit on behalf of the Estate of Thomas H. Ertl (the " Estate") against Waukesha Memorial Hospital ("the Hospital") on April 1, 2011 (the " Initial Lawsuit"). A true and correct copy of Complaint from the Initial Lawsuit is attached as Exhibit C to this Complaint.

12. The Initial Lawsuit named the plaintiff as "Estate of Thomas H. Ertl, by his Personal Representative, Jeffrey A. Ertl."

13. At the time the Initial Lawsuit was filed, an estate for Thomas H. Ertl had not been opened.

14. Bertling discovered in early July 2011 that no Estate for Thomas J. Ertl existed and as such, Jeffrey Ertl was not the Personal Representative for the Estate of Thomas H. Ertl. (See Ex. B, at 2.)

15. On August 4, 2011, an Amended Complaint was filed, but the previously named plaintiff remained unchanged. A true and correct copy of the Amended Complaint from the Initial Lawsuit is attached as Exhibit D to this Complaint.

16. In September 2011, the Hospital plead as affirmative defenses that no Estate existed or that Jeffrey A. Ertl had not been named Personal Representative of the Estate. A true and correct copy of the Hospital's Answer to Plaintiff's Amended Complaint is attached as Exhibit E to this Complaint.

17. The statute of limitations for the Ertl Claim against the Hospital expired in early November 2011.

18. On or about December 12, 2011, the Hospital moved for summary judgment on the basis that no Estate existed and Jeffrey Ertl did not have standing or capacity to sue on the Estate's behalf.

19. On or about December 21, 2011, the Firm opened an Estate for Thomas H. Ertl and had Jeffrey A. Ertl appointed as the personal representative. (See Ex. B, at 2.)

20. At a January 12, 2012 hearing, the trial court granted the Hospital's motion for summary judgment and dismissed the case with prejudice.

4

21. The court signed an order for dismissal of the complaint with prejudice on January 30, 2012. A true and correct copy of the January 30, 2012 Order is attached as Exhibit F to this Complaint.

22. The Firm sent a letter to the court acknowledging receipt on or about February 2, 2012 of the court's order, and objecting to the dismissal on the merits and with prejudice. A true and correct copy of the Firm's February 6, 2012 letter is attached as Exhibit G to this Complaint.

23. The Firm attempted to vacate the order of judgment and, after the court denied that motion and entered judgment, the Firm filed a notice of appeal with the Wisconsin Court of Appeals on April 5, 2012.

24. On May 1, 2013, the Wisconsin Court of Appeals affirmed the lower court's order of dismissal.

**B.     The Policy**

25. Darwin issued the Policy, a Lawyers Professional Liability Insurance policy, to the Firm, bearing Policy Number 0307-3155, with a Policy Period of February 7, 2013 to February 7, 2014.

26. Insuring Agreement I.A, as amended by Endorsement No. 5, entitled COVERAGE, provides that Darwin:

> …will pay on behalf of the Insured, subject to the Limits of Liability shown in the Declarations, all amounts in excess of the Retention shown in the Declarations, that an **Insured** becomes legally obligated to pay as **Damages** and **Claims Expenses** because of a **Claim** arising out of a **Wrongful Act,** other than a **Non-Profit Director or Officer Wrongful Act,** that is first made during the **Policy Period** or any **Extended Reporting Period**. It is a condition precedent to coverage under this Policy that the **Wrongful Act** upon which the **Claim** is based occurred:
>
> 1.     during the **Policy Period**; or

5

2. on or after the **Retroactive Date** and prior to the **Policy Period**, provided that all of the following three conditions are met:
   (a) the **Insured** did not notify any prior insurer of such **Wrongful Act** or **Related Act or Omission**; and
   (b) prior to February 7, 2012 no **Insured** had any basis (1) to believe that any **Insured** had breached a professional duty; or (2) to foresee that any such **Wrongful Act** or **Related Act or Omission** might reasonably be expected to be the basis of a **Claim** against any **Insured**; and
   (c) there is no policy that provides insurance to the **Insured** for such liability or **Claim**.

   Subject to the Limits of Liability, the **Insurer** shall have the right and duty to defend any **Claim** seeking **Damages** that are covered by this Policy and made against an **Insured** even if any of the allegations of the **Claim** are groundless, false or fraudulent.

27. Policy Section II.C. defines **Claim** to include:

    1. any written notice or demand for monetary relief or **Legal Services;** or
    2. any civil proceeding in a court of law;
    3. any administrative proceeding, other than a **Disciplinary Proceeding**; or
    4. a request to toll or waive a statute of limitations;

    made to or against any **Insured** seeking to hold such **Insured** responsible for damages for a **Wrongful Act.**

    A **Claim** does not include criminal proceedings of any type, or any proceeding that seeks injunctive, declaratory, equitable or non-pecuniary relief or remedies of any type.

28. **Legal Services** is defined in Section II.K. as

    . . . those services performed on behalf of the **Named Insured** for others by an **Insured** as a licensed lawyer in good standing, arbitrator, mediator, title agent, notary public, administrator, conservator, receiver, executor, guardian, trustee, escrow agent, or in any other fiduciary capacity, but only where such services were performed in the ordinary course of the **Insured's** activities as a lawyer. **Legal Services** also includes services rendered by an **Insured** as a: (a) member of a formal accreditation, ethics, peer

6

review or licensing board, standards review board, bar association, or any similar board or committee, or; (b) author, publisher or presenter of legal research or legal articles and papers, but only if compensation received by the **Insured** annually from such services is less than $5,000. **Legal Services** do not include services rendered as a real estate agent or broker or as an insurance agent or broker.

29. Policy Section II.V. defines **Wrongful Act** as,

    1. an actual or alleged act, error or omission by an **Insured**, solely in the performance of or failure to perform **Legal Services**;
    2. an actual or alleged **Personal Injury** committed by any **Insured**, solely in the performance of or failure to perform **Legal Services**; or
    3. a **Non-Profit Director and Officer Wrongful Act**.

30. McLario, Helm & Bertling, S.C. is the **Named Insured** on the Policy.

31. Bertling is considered an **Insured** pursuant to the definition of **Insured** under Section II.I. of the Policy, but only to the extent he was rendering or failing to render **Legal Services** on behalf of the **Named Insured**.

32. Section IV.C. **RELATED ACTS**, provides:

    All **Claims** based upon or arising out of the same **Wrongful Act** or **Related Act or Omission** shall be considered a single **Claim** and shall be considered first made at the time the earliest **Claim** arising out of such a **Related Act or Omission** was first made. All **Damages** and **Claims Expenses** from such **Claims** shall be subject to one limit of liability.

33. Section II.S defines **RELATED ACT OR OMISSION** as:

    . . . all acts or omissions based on, arising out of, directly or indirectly resulting from, or in any way involving the same or related facts, circumstances, situations, transactions or events or the same or related series of facts, circumstances, situations, transactions or events.

7

C. **Notice of and Tender of Defense for the Ertl Claim**

34. On or about May 2, 2013, the Firm provided a Notice of Claim involving the Estate of Thomas H. Ertl to Darwin, the Ertl Claim.

35. After receiving of the notice, on May 9, 2013, a Senior Claims Analyst at Allied World National Assurance Company ("Allied"), the claims manager for Darwin, contacted the Firm to request information as part of Allied's investigation of the Ertl Claim.

36. On May 28, 2013, Jeffrey Ertl, as personal representative for the Estate, sent Darwin a demand for monetary compensation for the Firm's negligence in handling of the Initial Lawsuit.

37. On November 15, 2013, the Estate of Thomas Ertl filed a lawsuit against the Firm and Bertling in Waukesha County State Court, entitled *Estate of Thomas H. Ertl, Sr. v. Michael Bertling, et al.*, Case No. 13-CV-2628 (the "Malpractice Lawsuit"). A true and correct copy of the Complaint in the Malpractice Lawsuit is attached as Exhibit H to this Complaint.

38. The Malpractice Lawsuit brings a claim against Bertling individually for negligence (based on legal malpractice) and against the Firm for negligence (based on respondeat superior).

39. Upon information and belief, the Firm and Bertling were served with the Summons and Complaint in the Malpractice Lawsuit on November 22, 2013.

40. On November 25, 2013, the Firm tendered defense of the Malpractice Lawsuit to Darwin.

41. On December 19, 2013, Darwin informed the Firm that it would defend the Firm in the Malpractice Lawsuit subject to a full reservation of rights.

## COUNT ONE: DECLARATORY JUDGMENT

42. Darwin realleges paragraphs 1 - 41 above, as though fully set forth herein.

43. Bertling performed **Legal Services,** as defined in the Policy, in the Initial Lawsuit.

44. Bertling's performance of **Legal Services** in the Initial Lawsuit involved multiple failures and errors, including but not limited to:

   a. Bertling filed the Initial Lawsuit on behalf a personal representative of a non-existent estate.

   b. Bertling discovered that the Estate of Thomas H. Ertl did not exist in July 2011, and did not seek to open the Estate for approximately five months.

   c. Bertling filed an Amended Complaint in August 2011 that again named the personal representative of the non-existent Estate as the Plaintiff.

   d. Despite the Hospital informing Bertling, in its Amended Answer, that no Estate of Thomas H. Ertl existed and, as such, Plaintiff had not been named the Personal Representative of the Estate, Bertling did not seek to open the Estate until December 21, 2011, after the statute of limitations expired.

45. Each of Bertling's errors and failures in his performance of **Legal Services** in the Initial Lawsuit constitutes a **Wrongful Act.**

46. The May 28, 2013 demand letter from Jeffrey Ertl constituted a **Claim** against an **Insured.**

47. The Malpractice Lawsuit constituted a **Claim** against an **Insured**.

48. The May 28, 2013 demand letter from Jeffrey Ertl and the Malpractice Lawsuit make the same allegations and are thus considered **Related Acts** under the Policy and will be treated as a single **Claim** under the Policy.

49. The **Wrongful Act** upon which the **Claim** under the Policy is based occurred on or after the **Retroactive Date** and prior to the **Policy Period,** therefore under the Policy, three conditions must be met.

50. The Firm and/or Bertling did not satisfy the second condition: "prior to February 7, 2012 no **Insured** had any basis (1) to believe that any **Insured** had breached a professional duty; or (2) to foresee that any such **Wrongful Act** or **Related Act or Omission** might reasonably be expected to be the basis of a **Claim** against any **Insured**"

51. **Wrongful Act**s giving rise to the **Claim** were known to the Firm and/or Bertling prior to February 7, 2012.

52. Prior to February 7, 2012, the Firm and/or Bertling was aware that the trial court dismissed the Initial Lawsuit with prejudice on January 12, 2012.

53. Prior to February 7, 2012, the Firm and/or Bertling was aware that the trial court signed the order dismissing the suit, on the merits, with prejudice on January 30, 2012.

54. Prior to February 7, 2012, the Firm and/or Bertling had a basis to believe that Bertling's performance of **Legal Services** breached a professional duty or was a **Wrongful Act** that might reasonably be expected to be the basis of a **Claim.**

55. Because the Firm did not meet all three conditions required by the Policy, Darwin has no duty or obligation to defend and/or indemnify the Firm in connection with the allegations in the Ertl Claim or Malpractice Lawsuit.

56. Darwin is entitled to a judicial declaration that the Policy does not provide coverage the Ertl Claim or the Malpractice Lawsuit.

WHEREFORE, Plaintiff respectfully requests that this Court enter a declaration and final judgment in its favor:

    (a)    Declaring that for the reasons set forth in Count I, the Policy does not afford coverage to the Firm or any Insured in connection with the Ertl Claim;

    (b)    Awarding Plaintiff such other and further relief as shall be found to be reasonable; and

    (c)    Awarding Plaintiff its costs and disbursements incurred in prosecuting this action.

Dated this 6th day of January, 2013.

| | |
|---|---|
| Reinhart Boerner Van Deuren s.c.<br>1000 North Water Street, Suite 1700<br>Milwaukee, WI 53202<br><br>Mailing Address:<br>P.O. Box 2965<br>Milwaukee, WI 53201-2965<br>Telephone: 414-298-1000<br>Facsimile: 414-298-8097 | s/ Brittany Lopez Naleid<br>WI State Bar ID No. 1065846<br>bnaleid@reinhartlaw.com<br>Willem J. Noorlander<br>WI State Bar ID No. 1033089<br>wnoorlander@reinhartlaw.com<br><br>Attorneys for Plaintiff Darwin National Assurance Company |